UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

ONEIDA INDIAN NATION
1 Territory Road
Oneida, NY 13421,

      Plaintiff,

      v.                              Civil Action No.: 5:17-cv-1035 (GTS/ATB)

MELVIN L. PHILLIPS, SR.,
individually and as trustee,
4675 Marble Road
Oneida, NY 13421

and

MELVIN L. PHILLIPS, SR./ORCHARD
PARTY TRUST
c/o Trustee Melvin L. Phillips
4675 Marble Road
Oneida, NY 13421,

      Defendants.

## COMPLAINT

1.     Plaintiff Oneida Indian Nation ("the Nation") sues to quiet title to 19.6 acres of Oneida reservation land that Defendant Melvin L. Phillips, Sr., a Nation member, has unlawfully claimed for a trust he created for his and his family's benefit.

2.     The Nation never alienated the 19.6 acres, which it is entitled to possess by virtue of aboriginal possession, confirmed by federal treaty. Neither Phillips nor any other person has ever had a deed to or ownership of the land. Consequently, Oneida County property records have never contained a recorded deed or other ownership document with respect to the land.

3. Phillips set out to manufacture a deed to falsely evidence ownership that he did not have. He created and filed a quitclaim deed purporting to quitclaim his "rights" in the 19.6 acres (a) from himself (b) to himself as trustee of the trust he had created. This "conveyance" was a sham and a fraud.

4. Phillips has tried to defend his conduct by falsely claiming that the 19.6 acres belongs to a breakaway Oneida tribe (Marble Hill Oneida or Orchard Party) and that he is the tribal head holding the land for his tribe. The United States and this Court have rejected Phillips' false claims that there is a separate Oneida tribe that he leads. Moreover, under the trust Phillips created, Phillips actually holds the 19.6 acres for his and his family's *personal* benefit.

## Jurisdiction and Venue

5. 28 U.S.C. §§ 1331 & 1362 establish subject matter jurisdiction. The Nation is an Indian tribe with a governing body duly recognized by the Secretary of the Interior. This action and the matter in controversy arise under the Constitution (Indian Commerce Clause and Supremacy Clause), a statute (Nonintercourse Act), the treaties (Treaty of Canandaigua) and the common law of the United States – which protect the Nation's right to possess the 19.6 acres.

6. This district is an appropriate venue pursuant to 28 U.S.C. § 1391(b)(1)-(2). All defendants reside in it and are New York residents. The events giving rise to the Nation's claim occurred in this district. The property that is the subject of this action is situated in this district.

## Parties

7. The Nation is a federally recognized tribe. 82 Fed. Reg. 4915 (Jan. 17, 2017) (recognizing the Oneida Nation of New York, now known as the Oneida Indian Nation).

8. Phillips is a Nation member and is sued individually and as the self-appointed trustee of the Melvin L. Phillips, Sr./Orchard Party Trust, which also is a defendant.

**Facts**

**A.     The 19.6 Acres of Land the Nation Seeks to Protect**

9.      Prior to European contact, the Oneida Nation possessed vast aboriginal lands to which it held Indian title (also called aboriginal title), which is a tribal right of possession. The nature of that title is described in *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 667 & 670 (1974), and in *County of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 233-36 (1985).

10.     Under the Constitution, Indian relations, including with respect to tribal lands, became the province of federal law. *County of Oneida v. Oneida Indian Nation*, 470 U.S. at 234. Beginning in 1790, the United States adopted versions of the Nonintercourse Act, codified today at 25 U.S.C. § 177, which requires federal approval of transfers of tribal land. *Id.* at 231-32.

11.     In 1794, the United States recognized about 300,000 acres of Oneida Nation aboriginal lands as the Oneida reservation. Treaty of Canandaigua, 7 Stat. 44 (Nov. 11, 1794); *County of Oneida v. Oneida Indian Nation*, 470 U.S. at 231. The 19.6 acres of land at issue in this action are part of that Oneida reservation. The land is located on Marble Road, somewhat south of Indiantown Road, within the Town of Vernon in Oneida County. The land, with an incorrect acreage designation, is reflected on the Town's tax rolls as parcel 332.000-1-16.

12.     After 1794, the State of New York attempted to obtain most of the Oneida reservation, but the State never attempted to obtain the 19.6 acres. The Nation never conveyed the land, and so the Oneida County property records contain no deed for this land.

13.     The United States has not extinguished the Indian title to or interrupted the Nation's possession of the 19.6 acres. Nor has the United States withdrawn the land from the Oneida reservation. *See Oneida Indian Nation v. Madison County*, 665 F.3d 408, 443-44 (2d Cir. 2011) (Oneida reservation not disestablished).

B.     **June 25, 1842 Treaty with the State of New York**

14.     By a June 25, 1842 treaty, the State of New York obtained a part of the Oneida reservation, paying certain Oneida members described as "the Orchard Party of the Oneida Indians residing in the town of Vernon county of Oneida." The treaty is attached to this complaint as Exhibit A. (The validity of the 1842 treaty under federal law is disputed but is of no relevance in this action, which concerns land that was not sold in that treaty.)

15.     Before making the treaty, the State of New York surveyed a part of the reservation. The survey map, attached to this complaint as Exhibit B, depicts lots numbered as 1, 2, 3, and 4, and also depicts some surrounding land.

16.     The 19.6 acres that are the subject of this action are wholly within Lot 3. The treaty did not attempt to convey away Lot 3, instead listing the names of Oneida who intended to continue to live on Lot 3.

17.     The United States recognizes the 19.6 acres as a part of the reservation that was not conveyed in the June 25, 1842 treaty. Attached as Exhibit C to this complaint is a Bureau of Land Management map, filed by the United States in Oneida land claim litigation, depicting the land within the reservation that the State sought to obtain. The June 25, 1842 treaty transaction is depicted as number 27. The white rectangle within number 27 represents Lot 3, depicting it as not sold under the treaty's terms. The 19.6 acres are within the white space that represents Lot 3.

18.     A comprehensive 2013 settlement agreement made by the State of New York, Madison County, Oneida County, and the Nation provides that Lot 3 – referred to in the agreement as the "Marble Hill tract" – was reserved from the 1842 sale, is "Nation Land" located within the Oneida reservation, is subject to Nation governance, and is not subject to state or local taxation or regulation. *See* Settlement Agreement (attached to this complaint as Exhibit D), at §§

II.G, II.L, V.E.2 & VI.C.1. New York law provides that the settlement agreement's terms prevail over any inconsistent state law or regulation. N.Y. Indian Law § 16. This Court approved the settlement, incorporated it into a judgment, and retained enforcement jurisdiction. *New York v. Jewell*, 2014 U.S. Dist. Lexis 27042 (N.D.N.Y. 2014).

**C.     The Nation's Members Living in the Vicinity of the 19.6 Acres on Marble Hill**

19.     The land in the vicinity of the 19.6 acres became known as the Orchard or as Marble Hill. Nation members always have lived in the Marble Hill area.

20.     Nearby Nation land also remained in Nation possession and came to be known as the Windfall or the thirty-two acres. It was protected from foreclosure by the United States in *United States v. Boylan*, 256 F. 468 (N.D.N.Y. 1919), *aff'd*, 265 F. 165 (2d Cir. 1920).

21.     Historically, state and federal documents have described the two Nation settlements, one in the vicinity of Marble Hill and another in the vicinity of the thirty-two acres.

22.     The Nation's Marble Hill members in good standing receive Nation services and benefits (including health benefits and quarterly payments) and participate in Nation government. Phillips' nephew is in the Nation's government – a member of the Nation's Council. The Nation has used its own governmental funds, as well as funds obtained by it through a federal grant, to provide water lines to its Marble Hill members.

23.     The United States recognizes one Oneida Indian Nation in New York, which includes members who reside in the vicinity of Marble Hill.

> a. In 1936, the Secretary of the Interior conducted a vote of Nation members to determine whether the Nation wished to reorganize under the federal Indian Reorganization Act, including in that vote the Nation's members residing in the vicinity of Marble Hill.

b. In a February 25, 1976 letter from William Seneca, the Acting Eastern Area Director of the Bureau of Indian Affairs, noted that the Nation has two clerks, one located at Marble Hill and another at the thirty-two acres.

c. In making decisions in the 1980s and 1990s concerning federal recognition of Nation leadership, the Department of the Interior took votes of and received statements of support from all Nation members, including those residing in the vicinity of Marble Hill.

d. The Department of the Interior publishes a list of federally recognized tribes, and no Marble Hill/Orchard Party tribe is on the list. 82 Fed. Reg. 4915 (Jan. 17, 2017).

24. Phillips has admitted membership in the Oneida Indian Nation. In 1993, he signed a statement asking the Department of the Interior to recognize Ray Halbritter as Nation Representative, asserting: "I am an enrolled member of the Oneida Indian Nation of New York." Phillips also filed suit claiming to represent the Nation and to have been deprived of his rights *as a member of the Nation*. *Shenandoah v. Dep't of the Interior*, 159 F.3d 708 (2d Cir. 1998).

**D. Prior Rejections of Phillips' Erroneous Claim to Head a Separate Marble Hill Oneida Tribe**

25. When it has suited him, Phillips also has asserted (a) that the Marble Hill Oneidas are a separate tribe and (b) that he represents it. Both assertions are untrue.

26. The Department of the Interior has rejected Phillips' assertions:

a. Assistant Secretary of the Interior for Indian Affairs Ada Deer wrote in an August 22, 1994 letter to Keith M. J. Reitz: "The Department does not recognize subgroups of these tribes, such as the Oneida living at Marble

        Hill . . . as separate tribal entities. The United States considers these groups to be part of one Oneida Nation."

    b. In 2013, the Department of the Interior rejected the argument that Marble Hill Oneidas are a separate tribe and reaffirmed that the Oneida Indian Nation is "a single tribe" that includes its Marble Hill members. Amendment to the May 20, 2008 Record of Decision, at 25-26 n.171 (Dec. 23, 2013) (regarding grant of Nation trust land request).

27.    The Department of Justice has rejected Phillips' assertions:

    a. "[T]he members of the Marble Hill are all members of the New York Oneida Nation. . . ." U.S. Memorandum of Law in Opposition to Marble Hill Oneida Indians' Motion to Intervene, Doc. 343, No. 5:74-cv-00187 (N.D.N.Y. Feb. 15, 2002).

    b. "Mr. Phillips alleges that he is the leader of an independent tribe of Oneida Indians called the Marble Hill Oneidas…. However, the Marble Hill Oneidas are not a federally-recognized tribe...." U.S. Reply in Support of Motion for Partial Dism., Doc. 52, No. 6:08-cv-00660 (N.D.N.Y. 2009).

28.    This Court has rejected Phillips' assertions:

    a. *Oneida Indian Nation v. County of Oneida*, 5:70-cv-00035, June 17, 1979 Order at 4 (N.D.N.Y) (denying Marble Hill Oneida intervention in Oneida land claim litigation because they complained of "internal problems of governance" and were not separate tribe); *see Oneida Indian Nation v. Clark*, 593 F. Supp. 257, 259 (N.D.N.Y. 1984) (noting that a Marble Hill

Oneida leader signed sworn statement declaring that the Marble Hill Oneidas "have always been a part of the Oneida Nation").

b. *Oneida Indian Nation v. New York*, 194 F. Supp.2d 104, 115 (N.D.N.Y. 2002) (ruling that Marble Hill Oneidas were not an indispensable party in Oneida land claim litigation because "[t]he Marble Hill Oneidas are official members of the Oneida Indian Nation of New York" and "are fully represented by the tribe of which they are a member").

c. *Oneida Indian Nation v. State of New York*, 5:74-cv-00187 (LEK/DRH), Doc. 388, May 22, 2002 Order at 2-3 (N.D.N.Y) (denying intervention in land claim case because, "[w]hile Marble Hill Oneidas claim to be a tribal community separate from the New York Oneida, it is clear from their affidavits that they are in fact part of the New York Oneida Nation," and concluding "that the Marble Hill Oneida's claim to a tribal status independent of the New York Oneida is simply not reliable"), *aff'd*, *Marble Hill Oneida Indians v. Oneida Indian Nation*, No. 02-6171, 2003 U.S. App. Lexis 6841 (April 8, 2003) (ruling that Marble Hill Oneidas were represented by the Nation held not to be an abuse of discretion).

### E.   Phillips' Trust and Recorded Quitclaim Deed

29.   Phillips signed a September 1, 2015 trust instrument, titled "Melvin L. Phillips, Sr./Orchard Party Trust Declaration." In the trust declaration, attached to this complaint as Exhibit E, Phillips named himself as grantor of the 19.6 acres and as sole trustee of the trust.

30.   The trust declaration recites that Phillips "hereby conveys to the Trustee [meaning Phillips himself] (by deed recorded in the Oneida County Clerk's Office) certain real

-8-

property as more particularly and specifically described on the attached Schedule A. . . ." (Bracketed text added; parenthetical text original).  The deed and all exhibits to the deed, which include Schedule A and Phillips' trust declaration, are attached to this complaint as Exhibit E.

31.     Schedule A describes the four parcels.  The parcel listed in Schedule A as "Parcel IV" is the 19.6 acres and the access road/driveway that leads to it from Marble Road (hereafter collectively "the 19.6 acres").  That land is highlighted in yellow on a map attached by Phillips to his deed and labeled as Exhibit 9 by Phillips (included within Exhibit E to this complaint).  On the map, the 19.6 acre-parcel is labeled as Lot 3 and is shown to contain 19.6 acres.

32.     Although Phillips' quitclaim deed purports to be a conveyance of interests in the 19.6 acres from "Melvin L. Phillips, Sr." to the trust, Phillips does not claim ownership of the land.  Instead, Phillips falsely asserts in the papers filed with the deed that the 19.6 acres are "tribal lands belonging to the Oneida Nation/Orchard Hill Party," that he is the leader of that tribe, and that the lands were "under the stewardship of Melvin L. Phillips, Sr."

33.     The "dispositive provisions" in paragraph 4 of the trust declaration conflict, however, with Phillips' false assertions.  The "dispositive provisions" effectively give the 19.6 acres to Phillips and his children and take the land away from the Nation and its members, including those residing near Marble Hill, providing:

> a. "For so long as Melvin L. Phillips, Sr. is living, he shall have the absolute and unfettered right to live upon[,] occupy, possess and use the lands. . . ."
>
> b. When Phillips dies, the 19.6 acres is then for the benefit of "his lineal descendants who live thereon or who use the lands" for a listed purpose – with Phillips' son Daniel Mark Phillips as the successor trustee, followed by "any other direct lineal descendant of Melvin L. Phillips, Sr."

      c.   Betraying an awareness that the trust could be declared invalid, Phillips also provided in paragraph 4 that he and one of his children or grandchildren may terminate the trust if "government action threatens . . . to impair" the trust. In that event, Phillips may "distribute the corpus as he in his sole and absolute discretion deems proper and appropriate" – presumably permitting Phillips as trustee to deed the land to himself or his children.

### Claim

34. The Nation has a right to possess the 19.6 acres, a right arising from and protected against infringement by federal treaty, statutory and common law, and by the Constitution.

35. The Nation never alienated the 19.6 acres to any person or entity.

36. Phillips has never possessed a beneficial or legal interest in the 19.6 acres.

37. Phillips did not have a right to convey the 19.6 acres to a trust, and the United States never approved that transaction as required by 25 U.S.C. § 177 and federal common law.

38. Phillips' execution and recording of the trust declaration, quitclaim deed and other documents in county land records was an unlawful attempt to obtain possess and control the 19.6 acres for his and his family's benefit.

39. Phillips' conduct has been and is in violation of federal law and of the Nation's federally protected possessory and other rights in the 19.6 acres and thus – like the trust, the quitclaim deed and the other documents filed in the county land records – that conduct has been and is unlawful and thus invalid and void.

## Prayer for Relief

WHEREFORE, the Oneida Indian Nation prays for entry of judgment in its favor and against Melvin L. Phillips, individually and in his capacity as trustee, and against the Melvin L. Phillips, Sr./Orchard Party Trust:

a. Declaring that neither the trust nor Phillips, as an individual or otherwise, owns or has any property interest in the 19.6 acres;

b. Declaring that the trust document, the quitclaim deed and all related documents filed by Phillips in the Oneida County land records are invalid and void so far as they concern the 19.6 acres;

c. Enjoining Phillips and the trust (i) not to claim the 19.6 acres for themselves, any beneficiary of the trust or any other person or entity, (ii) not to assert that Phillips, the trust, or any trust beneficiary owns or has a property interest in the 19.6 acres, and (iii) not to create or cause to be created, or filed or cause to be filed, in land records any document asserting that Phillips, the trust, any trust beneficiary or any other person or entity owns or has a property interest in the 19.6 acres; and

d. Granting such other relief as the Nation may be entitled to at law or in equity.

Respectfully submitted,

*/s/ Michael R. Smith*_____
Michael R. Smith
ZUCKERMAN SPAEDER LLP
1800 M Street NW
Washington DC 20036
(202) 778-1800
msmith@zuckerman.com

and


*/s/ Meghan Murphy Beakman*_____
Meghan Murphy Beakman
ONEIDA INDIAN NATION
5218 Patrick Road
Verona, NY 13478
(315) 361-8687
mmbeakman@oneida-nation.org

*Attorneys for Plaintiff Oneida Indian Nation*


Dated:  September 18, 2017